UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 MAR 27  PM 4: 47

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| ANTHONY W. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CV405-188 |
| | ) |
| FREDERICK BURNETT, Warden, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 6. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

### I.   BACKGROUND

Petitioner was indicted by the Chatham County grand jury on December 13, 2000 for malice murder and felony murder. Resp. Ex. 5, 59-61. Trial began with jury selection and opening arguments on March 13,

2002. Resp. Ex. 4, 78-107. At the beginning of the second day of trial petitioner, with the assistance of counsel, offered to plead guilty. Resp. Ex. 4, 107-108. The trial court accepted petitioner's guilty plea as to count two of the indictment, which charged him with felony murder. Resp. Ex. 4, 116-117. Count one, which charged petitioner with malice murder, was dismissed by an order of nolle prosequi. Resp. Ex. 4, 62, 117. The trial court sentenced petitioner to life imprisonment, the mandatory sentence under Georgia law. Resp. Ex. 4, 62, 119. Judgment was entered on March 19, 2002. Resp. Ex. 4, 62. Petitioner did not appeal his sentence.

Petitioner filed a state habeas corpus petition on December 15, 2003 in Chatham County alleging six grounds for relief. Resp. Ex. 1. Petitioner added one ground via amendment to his habeas petition. Resp. Ex. 1. After holding an evidentiary hearing on March 4, 2004, the state habeas court denied the relief sought on September 15, 2004. Resp. Ex. 3. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on September 20, 2005.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on October 14, 2005. Doc. 1. Respondent moves to dismiss the petition as untimely under § 2244(d). Doc 6. Petitioner filed a response to respondent's motion to dismiss on December 27, 2005. Doc. 8.

## II. ANALYSIS

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] The one-year limitations period begins to run on the date

---

[1] Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); <u>see also</u> <u>Ford v. Moore</u>, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). However, a state habeas petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. <u>See</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner's state conviction became final on April 18, 2002, when the time period for filing a direct appeal of his sentence ended. <u>See</u> O.C.G.A. § 5-6-38 (allowing thirty days from the date of judgment in which to file a direct appeal). Thus, the time period for petitioner to file a federal habeas corpus petition, or file a state habeas corpus petition that would toll the § 2244(d)(1) limitations period while the state habeas petition was pending,

---

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

ended on April 18, 2003.[2] Petitioner filed his state habeas petition on December 15, 2003, 241 days after the one-year AEDPA limitations period expired.[3]

Petitioner's state habeas petition was filed 606 days after his state court judgment became final. Petitioner clearly was not diligent in pursuing collateral review of his state court judgment. In order for his federal habeas corpus petition to be timely, he must have filed the instant petition by April 18, 2003 or instituted a state habeas corpus petition before that date. As he did neither, petitioner's current § 2254 petition is untimely and should be DISMISSED.

---

[2]Petitioner argues in his response to respondent's motion to dismiss that his February 18, 2003 motion to withdraw his guilty plea should toll the AEDPA statute of limitations during its pendency. Petitioner states that this motion was denied on February 28, 2003. The Court notes that the copy of this motion filed by respondent indicates that the motion was filed on February 25, 2003. Resp. Ex. 4 at 63. Thus, this motion was pending for at least three days and at most ten days (if the time of filing relates back to the date when petitioner executed the motion). Even assuming the larger ten day period is appropriate and tolls the one-year AEDPA limitations period, this still leaves petitioner's December 15, 2003 state habeas petition well outside the one-year AEDPA limitations period, which would end on April 28, 2003.

[3]If the time during which petitioner's motion to withdraw his guilty plea tolled the AEDPA period, his state habeas petition was filed between 238 and 231 days after the AEDPA period ended.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 27th day of March, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**